# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

March 21, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MICKEY MASSEY,**
**Claimant Below, Petitioner**

**vs.)   No. 17-0979** (BOR Appeal No. 2051950)
(Claim No. 2014027360)

**PEPSI-COLA METROPOLITAN BOTTLING CO., INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mickey Massey, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Pepsi-Cola Metropolitan Bottling Co., Inc., by Bradley K. Shafer, its attorney, filed a timely response.

The issue on appeal is whether Mr. Massey is entitled to the requested medical benefits. The claims administrator denied a request for a consultation with Allen Young, M.D., on August 3, 2016. The Office of Judges affirmed the decision in its April 13, 2017, Order. The Order was affirmed by the Board of Review on October 4, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Massey, a bulk driver, was injured in the course of his employment on March 15, 2014, while lifting a seventy-five pound dock plate. The employee's and physician's report of injury indicates Mr. Massey sustained a lumbar sprain/strain. It was noted that he had a prior low back injury earlier that year.

In a March 17, 2014, treatment note, Linda Eakle, M.D., indicated Mr. Massey reported low back pain radiating into the right leg following a work-related lifting injury. There was a history of recurrent back sprains. X-rays showed mild degenerative changes and no evidence of

1

an acute injury. Dr. Eakle assessed acute back pain and acute muscle spasm. A treatment note from MedExpress dated March 19, 2014, stated that Mr. Massey reported a work-related low back injury on March 15, 2014. He had sustained a back injury six months prior. He was diagnosed with lumbar sprain/strain, radiculopathy of the trunk/leg, and muscle spasms. The claim was held compensable for lumbar sprain/strain on March 25, 2014.

A treatment note from MedExpress on April 2, 2014, indicated Mr. Massey had somewhat improved. The assessment remained lumbar sprain/strain and an MRI was ordered. The lumbar MRI showed degenerative changes at L3-4 and L5-S1, mild disc bulges at L3-4 and L4-5 with no herniation or stenosis, and decreased disc space height at L5-S1 with mild bilateral stenosis. Mr. Massey was treated by Dr. Young on April 17, 2014, for the compensable injury. Dr. Young recommended steroids and physical therapy and took Mr. Massey off of work for several weeks.

Panos Ignatiadis, M.D., saw Mr. Massey on July 23, 2014, and indicated a neurological examination revealed no evidence of motor or sensory defects in the legs. Imaging studies showed minimal disc bulging, no evidence of herniation, and no evidence of neurological compromise. Dr. Ignatiadis diagnosed severe lumbar sprain with minimal radiculopathy. He recommended epidural steroid blocks.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on August 27, 2015, in which he noted that Mr. Massey had returned to work. Dr. Mukkamala concluded that the compensable injury resulted in a lumbar sprain. Mr. Massey was determined to be at maximum medical improvement and in no further need of treatment. Dr. Mukkamala assessed 5% impairment.

On July 8, 2016, Mr. Massey sent a letter to his attorney stating that he had a flare-up of back pain and wanted to reopen his case. Mr. Massey then testified in a deposition on December 29, 2016, that he developed low back pain in July of 2016, during the Fourth of July weekend when he was extremely busy at work and performed a lot of heavy lifting. He stated that there was no specific activity or incident that caused the onset of the pain and that his lower back pain gradually worsened over the weekend.

The claims administrator denied a request for a consultation with Dr. Young on August 3, 2016. The Office of Judges affirmed the decision in its April 13, 2017, Order. It found that Mr. Massey sustained a work-related low back injury on March 15, 2014, received treatment, and was off of work for over a year. He returned to work sometime prior to August 27, 2015, when Dr. Mukkamala noted that he had resumed working, had reached maximum medical improvement, and required no further treatment. Mr. Massey testified in his deposition that his back was doing well and he did not miss any work after returning in August of 2015. In July of 2016, he stated that his back began to hurt again. He denied any new injuries, specific events, or incidents. The Office of Judges found that a preponderance of the evidence indicates the requested treatment is not medically necessary or reasonably required to treat the compensable injury. The lumbar sprain at issue was over two years old and pursuant to West Virginia Code of State Rules § 85-20-37.5 (2006), the estimated duration of care for a sprain should not exceed

eight weeks. The Office of Judges concluded that Mr. Massey submitted no evidence showing that this was an extraordinary case that requires additional treatment outside of the guidelines. Further, Dr. Mukkamala evaluated him and concluded that Mr. Massey had reached maximum medical improvement and no additional treatment was necessary.

The Office of Judges further found that Mr. Massey returned to work for a year following the compensable injury with no problems until the July of 2016 onset of pain. He testified that he had no back problems from August of 2015 through July of 2016. The Office of Judges determined based on the evidence that the compensable sprain/strain resolved completely prior to the new onset of lower back pain in July of 2016. The only evidence submitted in support of Mr. Massey's protest was his handwritten letter in which he requested that his claim be reopened for a flare-up of his old injury. There was no medical evidence submitted to support a causal connection between the new symptoms and the compensable sprain/strain. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on October 4, 2017.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Nearly a year passed between the time Mr. Massey's lumbar sprain/strain symptoms resolved and the new onset of pain in July of 2016. Further, he submitted no medical evidence linking the new symptoms to the prior injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 21, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker